## DAVIDSON v. GRADY et al.
### No. 9101.

Circuit Court of Appeals, Fifth Circuit.

Aug. 17, 1939.

HOLMES, Circuit Judge, dissenting.

———◆———

For prior opinion, see 105 F.2d 405.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

In connection with the Motion for Rehearing is a motion to send up an exhibit to the answer in the court below of the Appellant Davidson. This exhibit is the record of a suit begun in 1904 by A. H. Cox against Mrs. Grace Gould Grady to recover compensation from her for making the settlement of 1903 with Mrs. Emma Gould which is sought to be set aside in the present case. The record contains the testimony of Cox as to how the settlement was reached. It appears that one of the things Cox was instructed to look into was whether Mrs. Emma Gould had remarried, but there is no account of what he found out about it. This exhibit to the answer was not offered in evidence in the court below, and it is doubtful if Cox's evidence in a contest with his client would be admissible in this case. If so, it would not alter the conclusion reached in this case. Cox had nothing to do with the matter after 1903; and the suspicions, knowledge, and inaction of the appellees in 1905 and since are the controlling matters. His testimony throws no light on these. Assuming that both for actual concealment, and for failure of Mrs. Gould who was in a confidential relationship to disclose, the settlement of 1903 was voidable for fraud, still in 1905, and since, her remarriage was fully known, and it was suspected that it occurred in 1902, and she had refused to say when it occurred. There was no reason why she should not state the date if it was after 1903, and her refusal, coupled with her defiant statement, "You will never find out", was very strong circumstantial evidence that it occurred before, so as to affect the settlement. She did not then carry on the concealment by false statements as to the marriage. She not only refused to tell the date, but put them on notice of its importance and on inquiry as to it by her defiant attitude. The appellees had evidence sufficient to form a belief to that effect, and to justify a charge and a proceeding for discovery on the point. The express ratification under these circumstances, in 1905 of the settlement of 1903, and the failure for thirty years to take effectual steps to learn the truth by discovery from Mrs. Gould, and by taking the deposition of Davidson, both of whom were well known to know the truth and to be deliberately withholding it, are sufficient in themselves to require the application of the doctrine of laches after the death of Mrs. Gould.

Because it would do no good the motion to supplement the record is denied, and because neither judge who concurred in the judgment of reversal desires a rehearing, the motion for rehearing is denied.

HOLMES, Circuit Judge, dissents.